B. C. SARGENT *et al.*

*v.*

THE CITY OF EVANSTON.

*Filed at Ottawa November 27, 1894.*

1. PUBLIC IMPROVEMENT—*construction of ordinance as to location.* An ordinance which provides "that Davis street, in the city of Evanston, from the west line of Maple avenue to the east line of Wesley avenue, in said city, be paved," etc., fixes the location of the improvement within the city without resorting to intendment.

2. SAME—*interlineation in clerk's certificate to ordinance.* An ordinance for special assessment is valid and admissible in evidence although the city clerk's certificate authenticating it contains an interlineation by the city attorney, where the latter testifies,

without contradiction, that he made the same in the clerk's presence and with his consent, before the certificate was signed.

3. SAME—*objections to plans of improvement must be made at the trial.* Objections to the plans for an improvement, which are of such a nature that they might have been obviated and explained at the trial, cannot be raised for the first time in a court of review.

4. COURTS—*two county judges entering orders in same court the same day.* Where the order appointing commissioners to make a special assessment was entered in the county court by the county judge of a foreign county, and the record shows the resident judge also entered orders in the court the same day, it will be presumed, if necessary to sustain the appointment of the commissioners, that though the two judges sat the same day they did not sit at the same time. (MAGRUDER, J., dissenting.)

5. RECORD—*cannot be impeached by evidence aliunde.* Affidavits tending to show that two county judges sat and did business in the same county court simultaneously are properly excluded, as the invalidity of the record of a court cannot be shown by evidence *aliunde.*

6. JUDGMENTS—*two judgments for the same assessment.* The improvident entry of judgment confirming a special assessment against lands of owners not objecting, before all objections have been determined, and the subsequent entry of a second judgment confirming the whole assessment after trial, is not, if error at all, injurious to objectors whose lands are not affected by the first judgment.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

WILSON & ZOOK, for appellants.

GEORGE S. BAKER, for appellee.

BAILEY, J.:   This is an appeal from a judgment of the county court of Cook county, confirming a special assessment levied by the city of Evanston for a street improvement.   The first point raised by the appellants in support of their appeal is, that the ordinance in pursuance of which the assessment was made fails to designate the locality of the proposed improvement.   This is clearly a misapprehension.

The ordinance as set out in the petition by the city, and as proved on the hearing of the appellants' objec-

tions, purports to have been passed by the city council of the city of Evanston, and designates the locality of the proposed improvement in the following words: "That Davis street, in the city of Evanston, from the west line of Maple avenue to the east line of Wesley avenue, in said city, be paved with brick," etc. It thus appears that the improvement is to consist of laying a brick pavement upon a designated street in the city of Evanston, between two designated points within the city. It is difficult to see how a more precise designation of the locality of the improvement could be given. No resort to presumption or intendment is required for the purpose of fixing the location within the city and within the jurisdiction of the city council, as was the case in *Stanton* v. *City of Chicago*, *ante*, p. 23, the location being expressly designated as being within the city.

Objection was made at the trial to the admission in evidence of the ordinance in question on account of an interlineation in the certificate of the city clerk by which the ordinance was authenticated. It appears that in the printed form of the certificate these words were interlined, viz: "I further certify that I am the keeper of the ordinances and records of said city," and that such interlineation was in the handwriting of the city attorney. The city attorney, however, being examined as a witness, testified that the interlineation was made by him by consent of the city clerk and in his presence, and before he signed the certificate. This evidence does not seem to be disputed, and the interlineation, thus explained, has no tendency to invalidate the certificate. There was no error in admitting the ordinance in evidence.

It is also insisted that the plans were improperly admitted in evidence for various reasons, all of which seem to be raised and insisted upon for the first time in this court. These objections are such as might have been obviated or explained if they had been made at the trial.

Under these circumstances it is too late to raise them for the first time in this court on appeal.

It is claimed that the commissioners who made the assessment were not appointed by competent authority, and that their assessment roll is therefore void. The appointment of commissioners appears to have been made at a session of the county court of Cook county presided over by Judge Donnelly, the county judge of DuPage county, and that he was presiding in that court by request of Judge Scales, the county judge of Cook county. The record shows that on the day on which the commissioners were appointed both Judge Donnelly and Judge Scales presided and entered various orders, but there is nothing in the record which tends to show that they were both upon the bench of the county court, doing judicial business, at the same time. It may well be that one of these judges presided at the morning session and the other at the afternoon session, and if, to sustain the order made in this case, it is necessary to so presume, it will be presumed that the two judges, though sitting in the county court on the same day, were not sitting at the same time.

Affidavits tending to show that the two judges were sitting and doing business simultaneously were offered by the appellants and excluded, and we think properly. The record of a court must be judged by itself alone, and its invalidity cannot be shown by evidence *aliunde.*

The further point is made that the judgment confirming the assessment against the appellants' lands is erroneous because the record shows that two judgments of confirmation were rendered, while but one judgment is contemplated by the statute. Without attempting to express any opinion upon the question whether, in any case, more than one judgment of confirmation may be properly rendered, we think it evident that no error in that respect was committed in this case of which the appellants have any just ground of complaint. It appears

that on the 21st day of June, 1893, a default was entered against all property assessed as to which no objections to the assessment had been filed, and at the same time a judgment was entered as to such property confirming the assessment. Subsequently a trial was had upon the objections of all the objectors, which resulted in a verdict in favor of the city, and thereupon the court, on the 5th day of May, 1894, after denying the objectors' motion for a new trial, entered a general judgment confirming the assessment as to all the property described in the assessment roll.

If it be true that but one judgment of confirmation can properly be entered, and that such judgment should be rendered only after all objections have been disposed of, as counsel seem to insist, the error in this case consisted in the entry of the first judgment, and not in the entry of the one which affects the objectors' lands. According to the contention, the second judgment was the only one which ought to have been rendered, and it can not be shown that it was not in all respects the proper judgment for the court to render. If, then, it should be conceded that the first judgment was improvidently rendered, it can not be seen how the appellants can have any just ground of complaint. That judgment does not and can not affect their lands, and if its entry was erroneous, the error is one of which they can not complain.

It is also claimed that the verdict is contrary to the evidence. The testimony of the witnesses is not harmonious, and it was for the jury to determine which was most worthy of belief. It would be of no avail for us to review the testimony in this opinion, but we need only say that, after giving it careful examination, we find no just ground for impeaching the finding of the jury.

A criticism is made on one of the instructions to the jury, but when the instructions are all read and considered together it is manifest that the objection made has no just foundation.

Some other points are made which have been duly considered, but we do not regard them of such importance as to call for separate discussion. None of them seem to us to have any merit.

As none of the errors assigned seem to be sustained, the judgment of the county court will be affirmed.

*Judgment affirmed.*

MAGRUDER, J.: I dissent as to so much of the opinion as has reference to the sitting of two judges in the County Court.